IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BOONE'S PHARMACY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) ) ) | CIVIL ACTION NUMBER: _____ |
| EZRIRX LLC<br>Defendant | ) ) ) ) ) | JURY DEMAND |

## CLASS ACTION COMPLAINT

**COMES NOW**, Boone's Pharmacy, Inc. (hereinafter "Plaintiff" or "Boone") and files this class action against EzriRx LLC (hereinafter "Defendant"), seeking damages and injunctive relief pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 221, as amended by the Junk Fax Prevention Act of 2005 (hereinafter "the Act"), and allege the following:

### I. PARTIES

1. Plaintiff Boone is a corporation organized and validly existing under the laws of Alabama, receives facsimiles (faxes) via its fax machine, and is located in Marengo County, Alabama.

2. Defendant EzriRx LLC ("EzriRx") is a Delaware Limited Liability Company doing business in the state of Alabama, is engaged in the business of selling medical and pharmaceutical products in Alabama, and sent a fax to Plaintiff advertising its products.

## II.   JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction over the subject matter of the federal claims asserted herein pursuant to 28 U.S.C. §1331 (federal question), and pursuant to the Act.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

5. Defendant has purposely availed itself of this Honorable Court by conducting activities in this forum - namely sending unsolicited faxes to Plaintiff and to putative class members.

## III.   LEGAL BACKGROUND

6. In 2005, the Junk Fax Prevention Act was signed into law, and served to amend the Telephone Consumer Protection Act of 1991, to prohibit fax transmissions containing unsolicited advertisements.

7. Specifically, the Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States

8. An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. §227(a)(5).

9. It is unlawful to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States where said advertisement fails to provide the recipient with a cost-free mechanism to opt out of receiving said transmissions in the future. 47 U.S.C. §227(b)(1)(C)(iii).

10. In 2006, the Federal Communications Commission implemented regulations defining the "sender" of a fax to be anyone on whose behalf a fax as sent. *See Arkin v. Innocutis Holdings, LLC*, 188 F.SUpp.3d 1304, 1309-1310 (M.D. Fla. 2016). This is a strict liability standard. *Id.*

11. The Act provides a private right of action to enforce its provisions. 47 U.S.C. §227(b)(3).

## IV.  FACTUAL ALLEGATIONS

12.    Defendant EzriRx is engaged in a scheme to promote its products through the transmission of thousands of unsolicited facsimiles throughout the country, including to telephone facsimile machines located in the State of Alabama, in an intentional and persistent course of conduct, to Plaintiff and the putative class members.

13.    Pursuant to that scheme, Defendant faxed an advertisement to Plaintiff on September 15, 2022, promoting its services as a source for discount medical and/or pharmaceutical supplies without an established business relationship with Plaintiff.  A true and correct copy of that facsimile is attached hereto as Exhibit A [September 15, 2022 fax from EzriRx to Boone's Pharmacy].

14.    Defendant faxed another advertisement to Plaintiff on September 19, 2022 promoting its services as a source for discount medical and/or pharmaceutical supplies without an established business relationship with Plaintiff.  A true and correct copy of that facsimile is attached hereto as Exhibit B [September 19, 2022 fax from EzriRx to Boone's Pharmacy].

15.    Defendant's activities, directed to Plaintiff's facsimile machines and other facsimile machines nationally, have violated certain provisions of the TCPA.

16.    As a result of Defendants' unlawful issuance of facsimiles to Plaintiff and putative class members, Plaintiff and putative class members have suffered actual harm and damages, in addition to statutory damages, as the conduct has

intruded upon and occupied the capacity of their facsimile machines, depriving them of use of said machines, and forcing them to unnecessarily expend funds for paper and ink.

## V.   PLAINTIFF'S CLASS ALLEGATIONS

17.   Plaintiff brings this action pursuant to Fed.R.Civ.P. 23(b)(2) and (b)(3) on behalf of itself and a Class of similarly situated individuals, defined as follows:

> Any and all individuals and entities, who or which, from 2016 to the present, received one or more unsolicited advertisements via facsimile from defendants(s).

18.   The members of the Class are so numerous that joinder of all members is impracticable.

19.   As of this time, the exact number in the Class is unknown but, according to information and belief, there would be more than one thousand.

20.   The Plaintiff's treatment by the Defendants is typical of the members of the Class. Specifically, the Plaintiff is a recipient of unsolicited advertisements from the Defendants.

21.    The Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel who are competent and experienced in class litigation. The Plaintiff has no interests that are adverse or antagonistic to the Class.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the statutory damages suffered by many Class members may be small (namely $500 per occurrence), the expense and burden of individual litigation makes it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged. The Act's intent to penalize abusive practices via telemarketing and unsolicited "junk faxing", as documented in the legislative record, is realized through the class action mechanism in this matter.

23. Common questions of law or fact exist as to all members of the Class, and predominate over any questions that only affect individual members of the Class. Among the questions of law or fact common to the Class are:

   a. Whether Defendant is in violation of the Act?

   b. Whether Class members were sent unsolicited advertisements via facsimile?

24. The Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

25. Notice can be provided to the Class members via First Class U. S. mail, notice by publication, e-mail notice, or other appropriate means as may be directed by the Court.

## COUNT I

## DEFENDANT'S VIOLATION OF THE
## THE ACT- UNSOLICITED FACSIMILES

26. The Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

27. Defendant did not have an Established Business Relationship, as that term is defined by the Federal Communications Commission or in Act, with Plaintiff. A true and correct copy of the one of the type of Unsolicited Facsimiles sent by Defendant is annexed hereto, and incorporated herein, as Exhibits A and B.

28. Said transmission of the Unsolicited Facsimiles, as provided in Exhibit A, were made without the consent of the Plaintiff, and without the assent of the putative class members.

29. According to information and belief, Defendants' facsimile machines, computers, and other devices are utilized to send unsolicited and unauthorized promotions to putative class members across the United States to secure leads for future business within the United States, including within the State of Alabama.

30. As a result of said conduct, Plaintiff and putative class members are entitled to statutory damages for each TCPA violation pursuant to 47 U.S.C-§227(b)(3).

31. Defendant's actions, and/or those of their agents, have shown that Defendant(s) willfully or knowingly violated the TCPA. As such, Plaintiff and

putative class members are entitled to treble statutory damages pursuant to 47 U.S.C. §227(3)(c). Plaintiff and putative class members are also entitled to the creation of a Defendant-funded and Court-supervised, whether by the Court or a master appointed thereby, monitoring and compliance mechanism to ensure Defendants' compliance with the Act.

## COUNT II
## DECLARATORY JUDGMENT

32. Defendant has engaged in the practice of sending or causing to be sent unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine owned and controlled by Plaintiff and others similarly situated.

33. There is a substantial and continuing controversy between Defendant and Plaintiff, and all others similarly situated, and a declaration of rights is both necessary and appropriate as to whether or not Defendant's faxes violate the Telephone Consumer Protection Act, and regulations and rules enacted thereunder.

## COUNT III

## INJUNCTION

34. Defendant's practice of sending, or causing to be sent, unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine, computer, or other device owned and controlled by

Plaintiff, and other similarly situated individuals and/or entities, will continue to cause Plaintiff and others similarly situated to be damaged by causing the computer, facsimile machine, or other device to be rendered unavailable for legitimate business messages or facsimiles, to cause Plaintiff and others similarly situated to waste time reviewing Defendant's unsolicited advertisement, as well as wasting materials of Plaintiff and others similarly situated, such that final injunctive relief prohibiting Defendant's practice of sending, or causing to be sent, unsolicited advertisements is appropriate.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully prays that this Honorable Court will take jurisdiction of this cause and upon the final hearing:

A. Certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

B. Declare that the Defendant's practice of sending unsolicited facsimiles to telephone facsimiles nationwide is in violation of the Act;

C. Award to the Plaintiff and putative class members damages under the Act, or other such applicable laws;

D. Award to the Plaintiff and putative class members the cost of this matter, including reasonable attorneys' fee;

E. Issue a permanent injunction enjoining the Defendant from sending facsimiles in a nature which is violative of the Act; and

F. Award to the Plaintiff and the putative class members such other, further and more general relief, as the Court may deem appropriate under these circumstances.

Respectfully submitted this the 22nd day of September, 2022.

      Respectfully submitted,

*/s/ James McFerrin*
One of the Attorneys for Plaintiff,
Boone's Pharmacy, Inc.

**OF COUNSEL:**
JAMES MCFERRIN
MCFERRIN LAW FIRM, LLC
3117 Manitou Lane
Birmingham, AL 35216
Telephone: 205-637-7111

/s/ *Matt Carroll*
One of the Attorneys for Plaintiff,
Boone's Pharmacy, Inc.

Matt Carroll
Matt Carroll Law LLC
P.O. Box 660749
Birmingham, AL 35216
Telephone: 205-383-1372

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY FOR ALL CLAIMS SO TRIABLE.

*s/ Matt Carroll*
One of the Attorneys for Plaintiff
