IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOONE'S PHARMACY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> EZRIRX LLC, ) <br> Defendant. ) <br> ) <br> ) <br> ) | CIVIL ACTION NUMBER: <br><br> 2:22-CV-00375-JB-N <br><br><br> CLASS ACTION |

## PLAINTIFF'S MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, FOR LEAVE TO AMEND

Plaintiff Boone's Pharmacy, Inc. ("Plaintiff" or "Boone's Pharmacy") respectfully moves the Court to reconsider the Court's July 31, 2023 Order [Dkt. # 49] dismissing Plaintiff's First Amended Complaint ("Amended Complaint") against Defendant Ezri Rx LLC ("Defendant" or "Ezri Rx"). In the alternative, Plaintiff moves the Court for leave to amend. In support thereof, Plaintiff shows as follows:

### A. STANDARD FOR RECONSIDERATION

At the outset, Plaintiff acknowledges that the standard for reconsideration of an interlocutory order and relief from judgments under Rule 59(e) are generally

1

similar. For that reason, Plaintiff will present its motion under that standard. The Eleventh Circuit has explained that standard as:

> The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). [A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Plaintiff and its counsel recognize the Court's good faith and thoughtful efforts to craft an Order disposing of the Motion to Dismiss filed by Defendant.[1] Plaintiff, however, respectfully submits that the Court's Order dismissing Plaintiff's Amended Complaint as a matter of law misapplies the applicable legal standards and is due to be vacated or revised.

### B. THE COURT'S ORDER MISAPPLIES THE STANDARD FOR DISMISSAL BASED ON AN AFFIRMATIVE DEFENSE.

In a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all the factual allegations in the complaint and construes those allegations in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (The Court accepts "the allegations in the complaint as true

---

[1] As the Court is aware, EzriRx is now contending with numerous lawsuits concerning physical injuries inflicted upon persons using infected eyedrops distributed and sold by the Defendant. Plaintiff counsel suspects Defendant is either insolvent or lacking enough resources to fund any sort of B3 class and any potential class certification in this matter would, at best, be limited to B2 injunctive relief. Defendant has refused to confirm or deny the suspicions without formal discovery.

and construing them in the light most favorable to the plaintiff."). The Court is also bound to favor the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in appellant's complaint and all reasonable inferences therefrom are taken as true.").

In addition, when a motion to dismiss under 12(b)(6) is based on an affirmative defense, dismissal is only proper when the affirmative defense is conclusive based on the face of the complaint. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th. Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 216, 217 S. Ct. 910, 921, 166 L.Ed.2d 798 (2007)). A complaint need not anticipate and negate an affirmative defense. *Isaiah v. J.P. Morgan Chase*, 960 F.3d 1296, 1304 (11th Cir. 2020).

In its Order of Dismissal, the Court concludes that Boone's Pharmacy vested Sophie with the appearance of authority to consent to receive marketing faxes on behalf of Plaintiff as a matter of law. *Id.* The Court bases this finding on (1) the fact Sophie answered the telephone, and (2) the lack of allegations in Plaintiff's complaint that Sophie was informed that she was not permitted to give out or confirm the pharmacy's fax number or had other limitations on her authority. [Dkt. # 49, p. 10]. Respectfully, the Court's Order on this point reflects two manifest errors of law and fact.

First, as the Court acknowledges in its Order, consent is an affirmative defense. [Dkt. # 49, p. 5]. Because consent is an affirmative defense, the Plaintiff was not required to anticipate and plead facts negating that defense, such as that it affirmatively instructed Sophie not to give out or confirm the fax number. *Isaiah*, 960 F.3d at 1304. The Court's Order, however, cites the lack of such allegations as the basis for its dismissal. [Dkt. # 49, p. 10].

In doing so, the Court also necessarily construed the allegations in the Amended Complaint in favor of the Defendant, inferring that the absence of certain allegations negating an affirmative defense in the complaint must mean that the opposite is true, *i.e.*, that because Boone's did not plead that it never told Sophie to consent to faxes that it was therefore aware that she was receiving requests to consent to faxes and condoned that behavior through silence.[2] [Dkt. # 49, p. 10]. That too is contrary to the controlling standard on a motion to dismiss. *Jackson*, 372 F.3d at 1262.

Second and relatedly, the Court's Order relies on the acts of the alleged agent, Sophie, in concluding as a matter of law that the principal, Boone's Pharmacy, vested her with apparent authority to consent to faxes. But it is the knowing acts of

---

[2] Mr. Boone's testimony that "No Boone's employee, other than myself, is authorized to give consent to receive any sort of fax advertisements" clearly infers that Sophie was not authorized to provide or confirm the fax number to an entity, like EzriRx. [Dkt. # 20-3 at Page id #80].

the principal, not the agent, on which a claim of apparent authority must rest. *Northington v. Dairyland Ins. Co.*, 445 So.2d 283, 284-286 (Ala. 1984).

To establish apparent authority, the Defendant would need to present evidence that Boone's Pharmacy itself was knowledgeable of and engaged in some action approving of Sophie's conduct in confirming the fax number when EzriRx cold-called her. *Northington*, 445 So.2d at 285 ("Apparent authority is such as a principal *knowingly* permits an agent to assume or holds him out as possessing." [italics added]); *see also Gray v. Great American Reserve Ins. Co.*, 495 So.2d 602, 607 (Ala. 1986) ("An alleged principal cannot ratify an agreement which has not been brought to his knowledge.").

The only factual allegation the Court's Order cites regarding Boone's Pharmacy, rather than Sophie herself, is that Plaintiff allowed Sophie to answer the telephone when the Defendant cold-called the pharmacy.[3] Nothing in the record indicates that Boone's Pharmacy's owners knew that a third party would be cold-calling Boone's Pharmacy to request consent to send marketing faxes and/or that it

---

[3] If the Court's conclusion that Boone's Pharmacy vested Sophie with apparent authority is based solely on her answering the telephone when Defendant cold-called Boone's Pharmacy (and not the lack of allegations negating Defendant's affirmative defense), Plaintiff also notes that the scope of agent's authority is generally an issue of disputed fact under Alabama law. *See British Gen. Ins. Co. v. Simpson Sales Co.*, 93 So.2d 763, 767 (Ala. 1957) ("Whether or not the circumstances justified an inference by the plaintiff as a member of the public that it was appropriate for the agent to make the stipulation that plaintiff's property would continue to be covered on removal to Tennessee was a question within the province of the jury.").

5

condoned Sophie's actions in affirming the fax number when that cold-call occurred. Instead, Raymond Boone's declaration expressly states that he did not condone Sophie consenting to receive faxes. Specifically, Mr. Boone testified in pertinent part as follows: "I am the only employee, officer, or shareholder of Boone's authorized to consent to receive fax advertisements. No Boone's employee, other than myself, is authorized to give consent to receive any sort of fax advertisements. I did not consent to receive fax advertisements from EzriRx and did not authorize or condone any of Boone's employees to consent or agree to receive fax advertisements from EzriRX or any other entities." [Dkt. # 20-3 at Page id #80]. Suffice it to say Mr. Boone's testimony leads to the inference that Sophie was not authorized to provide or confirm the fax number to an entity like EzriRx and Plaintiff was not aware of EzriRx's cold call to Sophie to solicit consent. *See, e.g., Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in appellant's complaint and all reasonable inferences therefrom are taken as true."). At a minimum, a jury question is presented as to whether or not allowing an employee to answer the telephone vests the employee with the apparent authority to enter into a contract to receive faxed advertisements.

At the motion to dismiss stage, the testimony of Mr. Boone and the factual allegations contained within the Amended Complaint, accepted as true, are sufficient to negate any speculation that Boone's Pharmacy was aware that someone would

cold-call to obtain consent to send marketing faxes, that it condoned Sophie's alleged agreement to receive them, or that such actions were otherwise taken in the "usual and ordinary course" of her employment. *See Jackson*, 372 F.3d at 1262; *Stephens*, 901 F.2d at 1573.

Plaintiff respectfully submits that the Court's Order is due to be reconsidered because the Court (1) misapplied the legal test for appearance of authority under Alabama law by relying on the acts of the alleged agent, rather than knowing acts of the principal, (2) found that Plaintiff's complaint established the Defendant's affirmative defense as a matter of law based on Plaintiff's alleged failure to plead allegations negating that affirmative defense, and (3) construed the allegations in Plaintiff's Amended Complaint (namely, the absence of allegations negating an affirmative defense) in favor of the Defendant on a motion to dismiss.

### C. THE COURT'S ORDER MISAPPLIED ALABAMA LAW IN CONCLUDING THAT EZRI RX ACTED IN GOOD FAITH AS A MATTER OF LAW.

In dismissing Plaintiff's amended complaint based Ezri Rx's affirmative defense, the Court concludes that Ezri Rx acted in good faith and with due care as a matter of law in relying on Sophie's apparent authority. In doing so, the Court discounts Plaintiff's allegation that Defendant's possession of information identifying Raymond Boone as Boone's Pharmacy's only authorized representative

7

(*i.e.*, the National Council of Prescription Drug Program's ("NCPDP") list) put it on notice as to potential limits to Sophie's authority. The Court states that "[P]laintiff's position that a company must seek out an owner or authorized representative prior to communicating with a company defies practicality." [Dkt. # 49, p. 12]. The Court also notes that the NCPDP list does not make it impossible that Boone's Pharmacy may have other authorized agents. *Id.*

First, regarding the Court's characterization of Plaintiff's position, Plaintiff respectfully notes that it has never contended that all communications with a company are prohibited until it speaks to the owner or known authorized representative of the company. Plaintiff merely contends that a party must seek consent from a known authorized agent or representative of the recipient to obtain valid consent to send communications that are otherwise expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). Plaintiff believes its position is the same principle that the Eleventh Circuit recognized in *Osorio v. State Farm FSB*, 746 F.3d 1242, 1254 (11th Cir. 2014).[4]

---

[4] In *Osorio*, the Eleventh Circuit rejected the suggestion that the communications prohibited by the TCPA are such a minor and incidental intrusions of privacy that anyone who affiliated with the recipient may consent to them. *See* 746 F.3d at 1254 ("But State Farm's argument if accepted proves too much. Parents and cohabitants everywhere would be shocked to learn that every adult in their household is legally entitled to consent to having autodialing debt collectors call any of their cell phones. This is not to say that in some cases one adult may authorize another adult to do so, but we cannot say all co-habitants possess such authority as a matter of law.").

In any case, Ezri Rx's contention that it would have been impractical to confirm Sophie's authority with Raymond Boone is mere argument which is unsupported by the record. Certainly, nothing in Plaintiff's Amended Complaint provides a foundation for concluding that it would have been difficult to speak to Mr. Boone and confirm Sophie's authority if the Defendant had made any effort to do so. Plaintiff submits that the Defendant cannot satisfy its burden of showing that it acted in good faith and with reasonable care, as it must for this affirmative defense, through such a generalized assertion.

More than that, no Alabama court has held that a party is relieved of its obligation to exercise due care in determining the scope of an agent's authority based on a bare claim that attempting to confirm that authority with a known owner or authorized representative would be impractical. Instead, a party claiming reliance on apparent authority must plead and prove that it exercised good faith and due care in deciding that the agent had the authority to act for the principal under the specific facts and circumstances of the case. *See* Alabama Code [1975] §8-2-6 ("A principal is bound by the acts of his agent under merely ostensible authority to those persons only who have in good faith and without want of ordinary care incurred a liability or parted with value on the faith thereof."); *Gray v. Great American Reserve Ins. Co.*, 495 So.2d 602, 607 (Ala. 1986) ("*Moreover, even a known agent's statements as to the extent of her powers to bind the principal cannot be blindly trusted.*")(emphasis

added). Further, a party cannot blindly rely on an alleged agent's authority in good faith when it has notice of facts that suggest the agent may not have that authority. *Brown v. St. Vincent's Hosp.*, 899 So.2d 227, 237 (Ala. 2004) ("mere belief [in the agent's authority] without cause, or belief in the face of facts that should have put him on his guard, is not enough." [Quoting *Union Oil Co. of California v. Crane*, 258 So.2d 882, 887 (Ala. 1972)]).[5]

In this case, it is uncontested that Ezri Rx contacted Boone's Pharmacy after reviewing the NCPDP list that identified Raymond Boone as Plaintiff's *only* authorized representative. [Dkt. # 49, p. 8]. When Ezri Rx called Boone's Pharmacy, the only person it spoke to was Sophie. It is undisputed that the Defendant made no effort to speak to Mr. Boone or otherwise inquire into Sophie's authority to consent to faxes. [Dkt. # 20-4, p. 2]. None of these facts conclusively establish, as a matter of law, that Defendant exercised reasonable care when it concluded that the scope of Sophie's authority included the power to consent to receive faxes otherwise barred by the TCPA. Again, a fact issue is apparent.

---

[5] *See also Johnson v. Shook & Fletcher Supply Co.*, 16 So.2d 406, 412-413 (Ala. 1944) ("Third persons, dealing with a person as a general agent, are not acquitted of all duty to inquire and ascertain the character of his agency; *but if on inquiry* it is ascertained to be general, actually or apparently, they are not bound to inquire whether there are secret limitations, or private instructions, *unless they have knowledge of such facts which should put them on such inquiry*. As to these issues, the burden is on [the party asserting apparent authority]."[emphasis added]).

10

Likewise, with respect to whether it was impossible that Boone's Pharmacy might have conferred authority on other employees to consent to faxes, the test for good faith and due care examines whether the Defendant ignored information putting it on notice that Sophie *might not have the authority it assumed*, not if the information it had rendered it impossible for her to have that authority. Alabama Code [1975] §8-2-6; *Brown v. St. Vincent's Hosp.*, 899 So.2d at 237 (belief in authority in face of facts that should put party on his guard cannot establish apparent authority); *Johnson*, 16 So.2d at 412-413 (receipt of information that agent may not have authority puts party on inquiry notice as to scope of authority); *Gray*, 495 So.2d at 607 (party cannot blindly trust agent's statement as to scope of authority).

Plaintiff respectfully submits that, as the movant on a motion to dismiss based on its affirmative defense, Ezri Rx was required to identify evidence in the complaint conclusively establishing that it acted in good faith and with due care. *Bingham*, 654 F.3d at 1175. Neither the bare assertion that it would have been impractical for Defendant to try to confirm Sophie's authority with Raymond Boone nor the fact the information that Defendant possessed may not have rendered it impossible that Sophie had authority to consent satisfied this burden.

Moreover, Ezri Rx's possession of information identifying Raymond Boone as Boone's Pharmacy's only authorized representative, assumed as true and construed in favor of Plaintiff, makes it clear that Ezri Rx was on inquiry notice that Sophie

may not have the authority to consent to marketing faxes otherwise barred by the TCPA, particularly when that undisputed allegation is raised in response to a motion to dismiss based on an affirmative defense.

### D. IN THE ALTERNATIVE, PLAINTIFF MOVES THE COURT TO ISSUE ITS ORDER RULING UPON THE PENDING MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM.

On July 31, this Honorable Court entered its Order dismissing Plaintiff's amended complaint and noting the motion to strike class class allegations is moot. [Dkt. # 49]. Pending before the Court is Boone's Motion to Dismiss Counterclaim. [Dkt. # 35]. The undersigned counsel respectfully submit that this matter is beyond potential resolution in its current posture as, upon information and belief, the Court has yet to make findings with respect to the Defendant's claim for attorneys' fees and litigation costs.

It is undisputed that there is neither a contractual attorney's fee provision nor a statutory basis for assessing attorneys' fees against Boone's Pharmacy. Instead, for the first time in its Opposition to Plaintiff's Motion to Dismiss, EzriRx cited the "special equity" exception to the American Rule that has been referenced in three Alabama cases. [Dkt. # 46]. EzriRx argued:

> "And courts have applied the equity exception where the defendant has engaged in bad faith conduct. *Allen v. USAA Cas. Ins. Co.*, 577 F. Supp. 3d 1279, 1282-84 (N.D. Ala. 2022) (describing the scope of the equity exception in cases of bad faith); *Muncher v. NCR Corporation*, 2017 WL 2774805, at *1, *21 (N.D. Ala. June 27, 2017) (declining to dismiss

> a claim for attorney's fees where the plaintiff alleged that his employer wrongfully withheld his bonuses)." [Dkt. # 46 at page 21].
>
> ...
>
> "Thus, EzriRx has alleged bad faith conduct that would support awarding attorney's fees, and the Court should reject Plaintiff's argument about damages on that basis alone. (In the alternative, the Court should exercise its inherent authority and award attorney's fees as a sanction against Plaintiff for pursuing a frivolous claim. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, (1991) (court had inherent authority to award attorney's fees for "frivolous pleadings"); *Annis v. JP Morgan Chase & Co.*, 2016 WL 6892111, at *1 (M.D. Fla. Nov. 18, 2016) (awarding attorney's fees for "knowingly or recklessly raising and pursuing a frivolous argument or frivolous claim[.]").)"

[Dkt. # 46, at page 21].[6]

---

[6] Defendant's request that the Court to exercise its inherent authority to sanction Boone's Pharmacy, Defendant's claim for attorney fees and litigation costs are beyond the scope of established law. The general rule, absent a fee shifting statute or contract providing for a shifting of attorney fees, in Alabama and Federal Courts, is the "American Rule" that each party must pay its own attorney's fees. *See, Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975). The principal grounds under which a Court is permitted to award attorney's fees under the "American Rule" are the "bad faith" and "common fund" theories. The "bad faith" theory allows an award where a party has willfully disobeyed a court order or has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974); *accord Alyeska Pipeline Co. v Wilderness Society*, 421 U.S. at 258-59. A fee award under the bad faith exception requires subjective bad faith—"some proof of malice entirely apart from inferences arising from the possible frivolous character of a particular claim." *Copeland v. Martinez*, 603 F.2d 981, 991 (D.C. Cir. 1979), *cert. denied*, 444 U.S. 1044 (1980). In the Eleventh Circuit, it has been held that, "Bad faith is a stringent standard that makes it difficult for a defendant to prevail." *Ellis v. All My Sons Moving & Storage of Orlando, Inc.*, No. 6:07-CV-2017-ORL-19DAB, 2009 WL 2496626, at 2 (M.D. Fla. Aug. 12, 2009) (*citing Murray v. Playmaker Serv., LLC*, 548 F.Supp.2d 1378, 1382 (S.D. Fla. 2008) ).

Fed. R. Civ. P. 54 and 28 U.S.C. § 1920 govern taxation of costs. "The party seeking an award of costs must submit a request that enables the court to determine the party's entitlement to those costs." *Zainulabeddin v. University of South Fla. Bd. of Trustees*, 749 Fed. Appx. 776, 787

The authority Ezri Rx cites, however, require a claimant to allege facts showing that the party against whom attorneys' fees and litigation costs are assessed engaged in fraud, willful negligence, or malice. In *Allen v. USAA Casualty Insurance Company*, 577 F.Supp.3d 1279, 1285 (N.D. Ala. 2022), for example, the court denied a motion to dismiss a claim for attorney's fees under the equity exception where the plaintiff made specific factual allegations that their insurance company consistently denied their insurance claim based on an overly narrow understanding of their policy. *Id.* In *Muncher v. USAA*, the court originally denied a request to dismiss a claim for attorneys' fees and litigation costs in a fraud case, but then granted summary judgment on that same claim because the claimant's allegations of malicious conduct were insufficient. *See Muncher v. NCR Corp.*, 2018 WL 9563248 (N.D. Ala. Nov. 11, 2018).

In contrast, Judge Dubose dismissed a claim for attorney's fees under the special exception where the complaint was devoid of any specific factual allegation

---

(11th Cir. 2018) (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)). "[A]bsent explicit statutory authorization, courts are limited to the costs enumerated in 28 U.S.C. § 1920." *Computer Program & Sys. Inc. v. Wazu Holdings, Ltd.*, No. CV 15-00405-KD-N, 2019 WL 1119352, at *1 (S.D. Ala. Mar. 11, 2019) (citing *Crawford Fitting Co. v. J.T. Gibbins, Inc.*, 482 U.S. 437, 445 (1987))

of fraud, willful negligence or malice. *See Northern Assur. Co. of America v. Bayside Marine Const., Inc.*, 2009 WL 151023 (S.D. Ala. Jan. 21, 2009).

As pointed out in Plaintiff's motion to dismiss, Ezri Rx's amended counterclaim cites no allegations of malicious conduct, or even alleges that Boone's Pharmacy acted fraudulently, with willful negligence, or maliciously. [Dkt. # 30; Dkt. # 35; Dkt. # 47].

In dismissing the Plaintiff's Amended Complaint, the Court's Order similarly reflects an absence of facts that would support a claim under the narrow special equity exception cited by EzriRx.[7] Instead, the Court found that Boone's Pharmacy, LLC is estopped from denying that it had a contract to receive marketing faxes from Ezri Rx based on the Court's view that Boone's conferred apparent authority on Sophie by (1) allowing her to answer the telephone and (2) the absence of a factual allegation in Plaintiff's Complaint that Raymond Boone specifically instructed Sophie not to consent to marketing faxes. [Dkt. # 49, pp. 10-11].

Nothing in the Court's findings, however, supports a claim that Boone's Pharmacy acted with fraud, willful negligence, or malice in objecting to marketing faxes that were based on nothing more than a claim of consent based on a cold call that went to one of its cashiers, Sophie. Instead, the Court's Order indicates different

---

[7] Likewise, EzriRx did not seek attorneys' fees or costs pursuant to Fed. R. Civ. P. 11 prior to dismissal. As such, it is too late at this stage (and would be unjustified in any case). *See Huggins v. Lueder, Larkin, & Hunter, LLC*, 39F.4th 1342, 1348 (11th Cir. 2022).

views as to the extent of authority conveyed by allowing Sophie to answer the telephone.[8]

Moreover, as discussed above, the Court's rationale for finding apparent authority is based in part on the conclusion that Plaintiff's failed to plead that it instructed Sophie not to consent to receiving faxes and therefore implicitly condoned her activity. Discovery, however, is likely to confirm that Boone's Pharmacy did not knowingly condone Sophie's activity and negate in part the rationale on which the Court found it vested Sophie with apparent authority.

Plaintiff brought this action in good faith and reasonably believes that the issue it presented is supported by the Eleventh Circuit's precedent in *Osorio v. State Farm FSB*, 746 F.3d 1242 (11th Cir. 2014) such that any bad faith exception to the American Rule is absent in this matter. Accordingly, Plaintiff respectfully asks the Court to issue its Order addressing the Motion to Dismiss Counterclaim. [Dkt. # 35].

### E. IF THE COURT BELIEVES THAT EZRI RX'S COUNTERCLAIM IS DUE TO GO FORWARD, PLAINTIFF REQUESTS LEAVE TO AMEND ITS COMPLAINT.

---

[8] While the Court distinguishes the Eleventh Circuit's decision in *Osorio* from the facts pled in this case, Plaintiff believes that until this Court's decision there was no authority indicating that the act of allowing someone to answer the telephone at a business, in and of itself, confers apparent authority on that individual to also consent to marketing faxes. Accordingly, it was not manifestly unreasonable for Plaintiff to believe that its view was consistent with Eleventh Circuit precedent.

If the Court believes that that its Order [Dkt. # 49] is not due for reconsideration but that Ezri Rx is entitled to move forward with its counterclaim for attorneys' fees and litigation costs, then, in the alternative, Boone's Pharmacy requests leave to file an amended complaint to address the pleading deficiency on which the Court dismissed its prior complaint.

Under the Federal Rules, a court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)'s "thrust" is "to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief.'" *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *see also U.S. for Use and Benefit of Krupp Steel Prods. v. Aetna Ins. Co.*, 831, F.2d 978, 983 (11th Cir. 1987) (recognizing that the 11th Circuit "has accepted a policy of liberal amendment").

The Eleventh Circuit has recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005). A district court's discretion "is broad enough to permit denial" only where "a substantial reason exists to deny leave to amend." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006). Leave to amend may be denied under circumstances of "undue delay, bad faith or

dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, [or] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1341 (11th Cir. 2014). None of these circumstances are present here.

First, Plaintiff anticipates that discovery will confirm that Boone's Pharmacy did not know of and condone Sophie consenting to faxes, a substantial part of the premise by which the Court found it vested her with apparent authority. Accordingly, the amendment will directly address the reasoning behind the Court's dismissal of Plaintiff's First Amended Complaint and will not be futile.

Second, if discovery in this matter is due to go forward on the Defendant's counterclaim in any case, then fairness and judicial economy support allowing Boone's Pharmacy to amend its complaint to address the omission in its pleading identified by the Court, which will come into the record regardless.

Finally, there has been no undue delay and no prejudice will occur. The Court identified the deficiency in Plaintiff's pleading in its Order of July 31st. Further, discovery in this matter has not commenced.

### F.  CONCLUSION

Wherefore, premises considered, Plaintiff Boone's Pharmacy, Inc. moves that the Court reconsider or else amend, alter and vacate its July 31, 2023 Order dismissing Boone's Pharmacy's LLC's Amended Complaint. In the alternative,

Boone's Pharmacy moves the Court to grant it leave to amend its complaint as stated above.

Respectfully submitted this the 28th day of August, 2023.

                                                      Respectfully submitted,

                                                    /s/ *James McFerrin*
                                                    One of the Attorneys for Plaintiff,
                                                    Boone's Pharmacy, Inc.
                                                    OF COUNSEL:
                                                    JAMES MCFERRIN
                                                    MCFERRIN LAW FIRM, LLC
                                                    3117 Manitou Lane
                                                    Birmingham, AL 35216
                                                    Telephone: 205-910-8597

                                                    /s/ *Matt Carroll*
                                                    Matt Carroll
                                                    Matt Carroll Law LLC
                                                    P.O. Box 660749
                                                    Birmingham, AL 35216
                                                    Telephone: 205-783-1577

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2023, I electronically filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                    /s/ *Matt Carroll*
                                                    One of the Attorneys for
                                                    Plaintiff, Boone's Pharmacy,
                                                    Inc.