# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

|  |  |
|---|---|
| BOONE'S PHARMACY INC., | |
| Plaintiff, | Case No. 2:22-cv-00375 |
| v. | Chief Judge Jeffrey U. Beaverstock |
| EZRIRX LLC, | |
| Defendant. | |

## REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on August 23, 2023 at 4:00 p.m. Eastern Time and was attended by:

Ryan Watstein and Patrick Fitzgerald for counter-plaintiff EzriRx LLC ("EzriRx").

Matt Carroll and Jim McFerrin for counter-defendant Boone's Pharmacy Inc. ("Boone's").

1.   **Statement of the Facts**:

    **A.  EzriRx's Position**:

As set forth in more detail in its Response in Opposition to Plaintiff's Motion to Dismiss (ECF No. 46), which EzriRx will not rehash here for the sake of expediency, EzriRx filed this Counterclaim after Boone's, a small drugstore, sought to maintain a class action against EzriRx for sending faxes to Boone's, alleging those faxes violated the Telephone Consumer Protection Act ("TCPA").  However, Boone's, through its employee, Sophie, consented to receiving those same faxes.  Despite being presented with evidence of its consent, Boone's refused to dismiss its meritless TCPA claim.  Rather, Boone's maintained that only the president of its company, Raymond Boone, could consent to receiving faxes.  The Court dismissed Boone's Complaint,

commenting that its position that consent must be obtained from the owner or authorized representative of the company "defies practicality."  ECF No. 49.

EzriRx maintains that Boone's sought to manufacture a TCPA class action against EzriRx. EzriRx is therefore entitled to recover the damages arising from Boone's manufactured TCPA claim, including the attorney's fees defending this action, under two theories.  First, Boone's breached its oral contract with EzriRx, pursuant to which it agreed to receive faxes, by filing a lawsuit in bad faith to recover for the very same faxes it agreed to receive.  And, to the extent that the "Sophie" did not have actual authority to consent to those faxes, Boone's is responsible for the negligent misrepresentation of a material fact by its employee acting in the course of her employment.

### B.  Boone's Position:

The Telephone Consumer Protection Act ("TCPA") makes it unlawful for a Defendant to send an unsolicited advertisement to a telephone facsimile machine unless it had an established business relationship with the recipient.  As stated in Plaintiff's Motion for Reconsideration or for Leave to Amend, Plaintiff believes its claim under the TCPA is due to go forward.   Defendant EzriRx obtained telephone and fax numbers for pharmacies from a directory that listed the name of the AUTHORIZED REPRESENTATIVE for each pharmacy [Doc 20], including Plaintiff, and then had a third-party call the pharmacies and ask for confirmation of the fax number and consent to receive fax advertisements. Defendant did not attempt to seek or obtain "consent" from the known authorized official or primary contact for the pharmacies, instead it asked this Court to rule that a worker answering a phone for a business is, as a matter of law, cloaked with authority to bind the employer to a CONTRACT to receive fax advertisements.

With respect to the EzriRx's counterclaim, the Plaintiff's motion to dismiss remains pending as of the date of this report. EzriRx has asked the Court to award it attorney fees, stating, "EzriRx has alleged bad faith conduct that would support awarding attorney's fees … [and] the Court should exercise its inherent authority and award attorney's fees as a sanction against Plaintiff for pursuing a frivolous claim." Boones noted to the Court that recovery of attorney fees in a breach of contract case is only allowed where the contract expressly provides for such a recovery, but the putative oral contract alleged by ErRiRx has no such fee shifting provision. Likewise, EzriRx's claim for attorney fees as part of its alleged damages related to its negligent misrepresentation claim fails as Alabama and Federal Courts adhere to the "American Rule" which prohibits fee shifting except for situations that are not presented in this matter.

To avoid these authorities, for the first time in its opposition to its motion to dismiss Ezri Rx cited the "special equity" exception recognized in three Alabama cases, but it has not plead any conduct by Boone's Pharmacy that would bring this case into that extremely narrow equity exception.  Moreover, this Court's July 31, 2023 Order dismissing Plaintiff's Amended Complaint does not identify any factual basis for suggesting that Boone's Pharmacy acted maliciously.  The Court also does not cite any prior controlling authorities that specifically address the issue raised in Boone's Pharmacy's complaint.  Accordingly, it would be inconsistent to conclude that Plaintiff acted maliciously in filing its Amended Complaint.

 2.    **Commencement of Discovery.**   The parties disagree regarding whether the Court has ordered discovery to commence and/or whether it should be stayed.

**Ezri Rx's Position:** The Court ordered the parties to proceed with discovery, so Boone's request to stay is inappropriate.  ECF No. 51.  Moreover, in addition to the fact that "motions to stay discovery are disfavored," staying discovery would prejudice EzriRx as it seeks discovery on,

among other things, the verbal instructions that Boone's gave its employees before July 29, 2021 (when Sophie consented to the faxes). *United States ex rel. Carver v. Physicians' Pain Specialists of Alabama, P.C.*, 2017 WL 4224587, at *3 (S.D. Ala. Sept. 22, 2017) (denying motion to stay pending judgment on the pleadings). That information relies on the memory of the witnesses EzriRx intends to call, which fades with time. *Saleh v. Crunch, LLC*, 2018 WL 11264884, at *2 (S.D. Fla. Feb. 28, 2018) (refusing to grant a stay where it "could conceivably prejudice Plaintiff by the fading memory of any witnesses."). Boone's refused to provide dates to depose Raymond Boone and Sophie, or even identify whether Sophie is still a Boone's employee. Staying discovery will therefore jeopardize the memory of those witnesses and make it more difficult to find and depose Boone's former employees. This concern is especially pronounced given Boone's has moved to reconsider the Court's Order, which could further delay resolving its motion to dismiss EzriRx's counterclaim. Finally, unlike Boone's, EzriRx doesn't seek costly class discovery, so Boone's would not suffer the same prejudice if discovery continues. The Court should therefore deny Boone's request and allow EzriRx to move forward with its narrow individual discovery pending the Court's resolution of EzriRx's motion to dismiss.

**Boone's Pharmacy's Position:**  Boone's Pharmacy notes that the Court ordered the parties to conduct its Rule 26 conference since the prior stay requested by Ezri was set to expire fourteen days after the Court ruled on Ezri's Motion to Dismiss.  Dkt. # 27.  Boone's Pharmacy does not understand the Court's instruction to hold a planning conference as ordering the start of discovery and believes that the start of discovery should be delayed until after the Court rules on Boone's Motion to Dismiss Ezri Rx's counterclaim and also its Motion for Reconsideration or for Leave to Amend.

Boone's Pharmacy notes that it previously consented to Ezri Rx's request to stay discovery until after the Court ruled on Ezri Rx's motion to dismiss, in the interest of conserving the resources of the parties and the Court. Dkt. # 27; Dkt. # 28. Boone's believes that the same interest in efficiency supports delaying the start of discovery until the Court has ruled on its pending motions, since the Court's ruling may help gauge the scope of discovery, or if discovery is even needed in this case.

With respect to Ezri Rx's argument above, Boone's disputes Ezri Rx's various characterizations, such as its claim that Boone's Pharmacy has "refused to provide [deposition] dates", which are not accurate. Likewise, the concern that Ezri Rx now cites about fading memories is disproven by the fact that Ezri Rx itself previously sought a stay on *all* discovery (including on its counterclaim) and not simply on class discovery. *See* Dkt. # 27 (Ezri Rx's motion to stay discovery, representing to the Court that discovery should be stayed because a favorable ruling on Ezri Rx's motion to dismiss *would resolve all issues in the case* and end the need for any discovery in the case).

Boone's Pharmacy could respond further but will state its position more fully in its separately filed motion regarding discovery rather than attempting to litigate its position in this Rule 26 report.

3.      **Trial location**: Plaintiff is located in Marengo County. Accordingly, trial is due to be held in Selma.

4.      **Discovery Plan and Other Deadlines:**

As noted above, the parties disagree regarding the start of discovery. Boone's believes that the commencement of discovery should be delayed until the Court rules on its Motion to Dismiss Ezri Rx's counterclaim for the same reasons that Boone' Pharmacy previously consented to the

stay requested by Ezri Rx.  EzriRx contends that the stay expired and that discovery should continue.

In the event the Court believes discovery in this matter should commence or continue, then the parties believe the following deadlines should apply:

A. **Trial**:  This jury action should be ready for trial by **August of 2024** and at this time is expected to take approximately **three** days.

B. **Pretrial Conference**: The parties request a pretrial conference in **July of 2024**.

C. **Discovery Topics**:  Without waiver of Plaintiff's request to stay discovery pending resolution of its motion to dismiss the Defendant's counterclaim and/or its motion to reconsider or for leave to amend, discovery will be needed on the following subjects:

 i. Boone's store policies and practices regarding its employees using Boone's fax machine and the extent to which those policies were communicated to Boone's employees;

 ii. The employment relationship between Boone's and Sophie; and

 iii. The damages EzriRx incurred as a result of Boone's TCPA claim, including lost time, resources, and attorney's fees.

 iv. The reasonableness of the Defendant's attorneys' fees.

 v. The Defendant's litigation conduct and whether it failed to mitigate its alleged damages

 vi. Whether the Defendant is estopped from pursuing its Counterclaim based on its prior representations to the Court, as reflected in Document Number 27, which Plaintiff relied on to its detriment.

**Additional Topics Related to Boone's Claims**:[1]

       i.     EzriRx's policies and records related to its scheme to cold call pharmacies to obtain consent to fax advertisements to pharmacies.

      ii.     Copies of all call lists, including the source material from which the call list was created, given to EzriRx's agents to make the cold calls to pharmacies.

     iii.     EzriRx's employment relationship, and all other records, related to its agents performing cold calls to pharmacies.

     iv.     The identity and contact information for the person who made the cold call to Boone's Pharmacy.

      v.     The origins and basis of EzriRx's cold-calling program.

     vi.     Ezri Rx's communications with the third party that it claims conducted the cold-calling program on its behalf, including its communications regarding compliance with the TCPA.

D.     **Discovery Deadline**: If discovery is to be commenced or to be continued, the parties propose the following deadlines:

**Discovery** shall be completed by **May 1, 2024**.

E.     **Initial Disclosures:**  The parties will exchange by **September 12, 2023**, the information required by Fed. R. Civ. P. 26(a)(1).

F.     **Amending Pleadings:** If discovery is to be commenced, the parties request until **October 16, 2023** to join additional parties and amend the pleadings.

---

[1] As the Court dismissed Boone's Complaint, EzriRx contends that Boone's is not entitled to discovery related to these topics at this time.  EzriRx contends that discovery will only be needed on these topics if the Court grants Boone's motion to reconsider or to amend.  EzriRx reserves its right to add to these topics should the Court grant Boone's motion for reconsideration or for leave to amend.

G.      **Expert Reports:** Reports from retained experts under Rule 26(a)(2) due:

from counter-plaintiff by **March 10, 2024**.

from counter-defendant(s) by **April 7, 2024**.

H.      **Dispositive Motion Deadline**:  All potentially dispositive motions filed by **May 15, 2024**.

I.      **Pretrial Disclosures**:  Final lists of witnesses and exhibits under Rule 26(a)(3) due by **June 14, 2024**.

5.      **Discovery Limits.**

Maximum of **25** interrogatories by each party to any other party.  Responses due **30** days after service.

Maximum of **7** depositions by plaintiff(s) and **7** by defendant(s).  Each deposition limited to maximum of **7** hours unless extended by agreement of parties.

Maximum of **25** requests for admission by each party to any other party.

Responses due **30** days after service.

Maximum of **30** requests for production of documents by each party to any other party. Responses due **30** days after service.

6.      **Settlement**:  at this stage, the parties believe settlement is unlikely.

7.      **ESI**:

The discovery in this action will likely include Electronically Stored Information (ESI).  At this time, the parties do not anticipate that the discovery of ESI will present any significant issues in this action. The parties agree that if relevant, discoverable ESI is responsive to requests for production, is reasonably related to the parties' claims or defenses, is reasonably accessible, and is maintained in the ordinary course of business, it will be produced in PDF, TIF format,

or in a manner that is reasonably accessible. The parties will address any further issues regarding ESI during the normal course of discovery.

The parties acknowledge that Fed. R. Civ. P. 26(a)(l)(A)(ii) contemplates that ESI will be provided (either by copy or by a description of category and location) with each party's initial disclosures; however, the parties' provisionally agree, as a matter of economy, not to require disclosure of ESI until requests for production or interrogatories are served, and then only as responsive to those requests or interrogatories.

8.      [Other matters.] **None.**

Dated:  August 29, 2023

/s/ Ryan D. Watstein
Ryan D. Watstein (*pro hac vice*)
WATSTEIN TEREPKA LLP
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
T: (404) 782-0695
E: ryan@wtlaw.com

*Counsel for EzriRX LLC*

/s/ James McFerrin
James McFerrin
MCFERRIN LAW FIRM, LLC
3117 Manitou Lane
Birmingham, Alabama 35216
T: (205) 637-7111
E: jhmcferrin@gmail.com

*Counsel for Boone's Pharmacy, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on August 29, 2023, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: */s/ Ryan D. Watstein*
    Ryan D. Watstein