IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BOONE'S PHARMACY, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) ) ) | CIVIL ACTION NUMBER: 2:22-CV-00375-JB-N |
| EZRIRX LLC, Defendant. | ) ) ) ) ) ) | OPPOSED |

## BOONE'S PHARMACY'S MOTION TO STAY START OF DISCOVERY UNTIL PENDING MOTION TO DISMISS AND/OR MOTION FOR RECONSIDERATION ARE RESOLVED

Plaintiff Boone's Pharmacy, Inc. ("Plaintiff" or "Boone's Pharmacy") respectfully moves the Court to stay the start of discovery until its pending motion to dismiss Defendant Ezri Rx's counterclaim for attorney's fees and litigation costs [Dkt. #'s 35, 47] and/or motion for reconsideration or leave to amend [Dkt. # 52] are resolved. In support thereof, Plaintiff shows as follows:

1. Discovery in this matter has not yet begun, having previously been stayed at the request of the Defendant, Ezri Rx, LLC. *See* Dkt. # 27 (Ezri Rx's Consent Motion to Stay Discovery); Dkt. # 28 (Order granting stay).

2.      Ezri Rx, however, has indicated that it now wants discovery to begin **solely** with respect to its counterclaim for attorneys' fees and litigation costs. *See* Dkt. # 53 (Report of the Parties' Planning Meeting).

3.      Plaintiff has two motions pending that could significantly alter the scope of discovery or determine if discovery in this matter is even necessary. The first is its Motion to Dismiss Ezri Rx's counterclaim for attorneys' fees and litigation costs. *See* Dkt. # 35 (Motion to Dismiss Counterclaim). The second is Plaintiff's Motion to Reconsider or for Leave to Amend, to which the Court has ordered a response. *See* Dkt. # 52 (Motion to Reconsider or for Leave to Amend); Dkt. # 54 (Order Setting Briefing Schedule).

4.      In its own motion to stay the Rule 26 conference, Ezri Rx pointed out the difficulties of conducting discovery before a ruling on potentially dispositive motion, stating:

> Under the current schedule, the parties would have to conduct the Rule 26(f) conference before Defendant files its responsive pleading to the Amended Complaint. . . . However, the parties currently cannot, with reasonable certainty, state "their respective positions in plain English" in a joint report, as the Preliminary Scheduling Order requires.

Dkt. # 27, p. 2.

5. The difficulties asserted by Ezri Rx were reflected by the Rule 26 report that the parties filed on August 29th, which reflects substantial disputes on the topics and scope of discovery before any discovery has even started. *See* Dkt. # 53.[1]

6. In its own motion to stay discovery, Ezri Rx further represented to the Court and to Boone's Pharmacy that waiting to start to discovery until after the Court ruled on its Motion to Dismiss Plaintiff's Amended Complaint would conserve resources because a ruling in its favor on its motion to dismiss would end the case:

> Good cause also exists for judicial efficiency reasons. Because Defendant intends to file a dispositive motion to dismiss the Amended Complaint, **this case may be resolved without requiring any formal discovery** (and without requiring the Court to manage the discovery process. . . . **If the Court grants the motion, then no Rule 26(f) conference (or the discovery triggered by it) will be necessary.** And if the Court denies the motion, a brief delay in discovery will not prejudice either side.

Dkt. # 27, pp. 2-3 (emphasis added).[2]

---

[1] Prior to filing this motion, Boone's requested that Ezri Rx consent to a stay of the Rule 26 report deadline similar to the stay requested by Ezri Rx previously, to which Boone's Pharmacy had consented, and for the same reasons. Late in the afternoon on the day the Rule 26 Report was due, however, Ezri Rx notified opposing counsel that it refused to consent to a similar stay.

[2] Boone's Pharmacy consented to Ezri Rx's requested stay on discovery in reliance on Ezri Rx's representations that a ruling in favor of defendant on the Motion to Dismiss would end the case and a belief that an early resolution as to the validity of Ezri's Rx cold-call to Boone's Pharmacy made sense to conserve the parties' resources.

Despite the ruling in its favor on the motion to dismiss, however, the Defendant has now reneged on the representations that it made to Plaintiff and the

7. The same rationales that Ezri Rx cited in its own motion to stay apply to Boone's Pharmacy's request to stay discovery as well. Boone's Pharmacy's Motion to Dismiss Ezri Rx's counterclaim for "attorneys' fees and litigation costs" remains pending. Dkt. # 35. Moreover, the Court has set a briefing schedule on Boone's Pharmacy's Motion for Reconsideration or for Leave to File an Amended Complaint. Dkt. # 54. The Court's rulings on either or both of those motions could significantly affect the scope of discovery or determine if discovery is even needed in this matter.

8. The Eleventh Circuit has instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should. . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted). After all, "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id.* at 1368.

---

Court and states that it wants to proceed on its purported counterclaim for attorneys' fees and litigation costs. *See* Dkt. # 50 (notice to Court to proceed on counterclaim) and Dkt. # 53 (Reporting of the Parties' Planning Meeting).

9. For these reasons, this Court postponed the start of discovery pending a ruling on Ezri Rx's motions to dismiss. *See* Dkt. # 28 (staying discovery in this case at Ezri Rx's request).

10. Courts across the country have likewise postponed discovery pending the court's ruling on a potentially dispositive motion to dismiss. *See Dawson v. Piggot*, No. 10-00376-WS-N, 2010 WL 3717408, at * 1 (S.D. Ala. Sept. 9, 2010 (Nelson, J.) (granting motion to stay Rule 26(f) Conference requirement pending a ruling on motions to dismiss); *Carter v. Companion Life Ins. Co.*, 2:18-CV-0350-JEO, 2018 WL 11448678, at *1 (N.D. Ala. June 5, 2018) (granting motion "for stay of the parties' obligation to hold a Rule 26(f) conference until 14 days after the court resolves all Rule 12(b) motions"); *Beckmann v. New Penn Fin. LLC*, No. 1:19-CV_0143-MLB-JFK, 2019 WL 11497090, *2 (N.D. Ga. Feb. 6, 2019) (granting motion to stay pretrial deadlines pending ruling on motion to dismiss); *Yagman v. Garcetti*, No. 20-CV-2722, 2020 WL 8125658, at * 1 (C.D. Cal. Sept. 3, 2020) (recognizing that California district court decisions hold that "it is not practicable yet to hold a Rule 26(f)(1) conference" when a motion to dismiss "potentially will alter the landscape of this case significantly as to claims, defenses and jurisdiction.").

11. In refusing to extend the stay on discovery previously granted at its request, Ezri Rx now claims that it is worried that memories may "fade" as to what instructions Plaintiff gave to Sophie regarding faxes. *See* Dkt. # 53 (Ezri Rx's

statement regarding discovery in Rule 26 report). This, however, is not a complex issue and it is unlikely that the passage of a few more weeks or months will make a material difference in what Raymond Boone and Sophie may remember, especially when discovery has already been delayed for many months at Ezri Rx's own request.[3]

12. Accordingly, Plaintiff respectfully requests that the Court postpone the start of discovery until two weeks after the Court rules on Plaintiff's Motion to Dismiss Counterclaim and its Motion to Reconsider or for Leave to Amend.

13. This Motion is filed in good faith for the reasons stated herein and not for the purpose of delay.

## F. CONCLUSION

Wherefore, premises considered, Plaintiff Boone's Pharmacy, Inc. respectfully requests that the Court grant this Motion, stay the start of discovery until two weeks after the Court rules on the pending Motion to Dismiss Ezri Rx's counterclaim for attorneys' fees and litigation costs and Motion to Reconsider or for Leave to Amend.

Respectfully submitted this the 6th day of September, 2023.

---

[3] In the Rule 26 Report, Ezri Rx also asserts that Boone's Pharmacy has "refused" to give deposition dates. That is untrue. Boone's Pharmacy merely indicated that it believed the parties would need document discovery prior to scheduling deposition dates. That is a fairly common-sense approach and Boone's Pharmacy objects to Ezri Rx's attempt to mischaracterize it.

Respectfully submitted,

/s/ *James McFerrin*
One of the Attorneys for Plaintiff,
Boone's Pharmacy, Inc.
OF COUNSEL:
JAMES MCFERRIN
MCFERRIN LAW FIRM, LLC
3117 Manitou Lane
Birmingham, AL 35216
Telephone: 205-910-8597

/s/ *Matt Carroll*
Matt Carroll
Matt Carroll Law LLC
P.O. Box 660749
Birmingham, AL 35216
Telephone: 205-783-1577

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 6, 2023, I electronically filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Matt Carroll*
One of the Attorneys for
Plaintiff, Boone's Pharmacy,
Inc.
